11 YELVERTON, J.,
dissenting.
Ms. Buck testified she went to Mr. Dar-tez on October 20 to resign her position as assistant principal. Mr. Dartez testified the meeting was to turn in her resignation. After they talked about her resignation, *587 she wanted to hand over a letter of resignation and he suggested she just drop it off on the secretary’s desk on the way out. The trial judge asked Mr. Dartez whether the letter of resignation was “tendered or an offer of tender.” Mr. Dartez responded that it was an offer of tender. Read in context the “tender or an offer of tender” referred to the letter, not the resignation. They had finished talking about the resignation. The trial judge in his reasons stated that a “tender of her resignation” took place on October 20. The trial judge also opined that Mr. Dartez’ testimony was “more credible than that of the plaintiff.”
The trial judge did not err manifestly. We have no reason to reverse the judgment. The principle of strict construction of prescription statutes does not justify our putting words in a trial judge’s mouth, or reversing his credibility determinations. I would affirm.